### RUTHERFORD v. SOUTHERN RY.

1. RAILROADS—CONSTITUTION—MASTER AND SERVANT—NEGLIGENCE.— A fellow-servant rightfully in charge of the work being performed by railroad employees, whether appointed by the foreman or selected by the employees themselves, and by the foreman allowed to direct the work, is within the meaning of sec. 15, art. IX., of Constitution of 1895, for whose negligence the railroad is responsible.

2. CONSTITUTION—MASTER AND SERVANT.—Sec. 15, art. IX., Constitution of 1895, construed, and its effect upon the law of fellow-servant considered.

Before GARY, J., February, 1899.    Affirmed.

Action for damages for personal injury by Amos Rutherford against Southern Railway Company. The jury were instructed as follows:

This is a suit on the part of the plaintiff, Amos Rutherford, against the Southern Railway Company for damages which it is alleged occurred to the plaintiff while he was serving the defendant railway company in the capacity of an employee; and it is alleged that the damages—that the injuries rather—complained of were occasioned or caused through the negligent act of a coemployee or colaborer. That is the plaintiff's contention. The defendant takes issue with him as to his damages, and sets up as an affirmative defense that if he was injured, the injury was due to his own negligent act. In other words, that he contributed to the injury himself, and for that reason the defendant contends it is not liable. Now those are the issues upon which the parties have differed, and for the settlement of those issues you and I are here now to settle the difference. You will understand that the gist of the action is negligence on the part of the railroad company, or, in other words, on the part of a coemployee or servant of the railroad company, the plaintiff contending that by reason of that injury the company is liable to compensate him in damages for the injury received through the negligence of one of its servants, a coemployee with the plaintiff. Upon that the plaintiff denies the injury, and denies its liability, and sets up as an affirmative defense that if he is injured, he contributed to that injury himself by his own careless and negligent act, and thereby the company is absolved from any liability.

Now the law with reference to injuries was passed, or was enacted, in the Constitution of this State in 1895. That Constitution adopted the following as one of its provisions,

which I will read to you: "Every employee of any railroad corporation shall have the same rights and remedies for any injury suffered by him from the acts or omissions of said corporation or its employees as are allowed by law to other persons not employees, when the injury results from the negligence of a superior agent or officer, or of a person having a right to contract or direct the services of a party injured, and also when the injury results from the negligence of a fellow-servant engaged in another department of labor from that of the party injured, or of a fellow-servant on another train of cars, or one engaged about a different piece of work. Knowledge by any employee injured of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars or engines voluntarily operated by them." Until that Constitution was adopted, the liability of a corporation for the negligent act of its employees was on a different basis from this Constitution. Formerly, the party complaining of an injury caused by the negligent act of a colaborer or employee working with him would have to show that the company was negligent in employing this colaborer; but the Constitution of our State modified or so changed the law as I have instructed you. So the law now is, that if one is so injured through the negligent act of a coemployee, the railroad company is liable for the consequence of such damage or injury, provided the party injured did not contribute to his own injury. Now you will see that the charge of negligence is set out specifically in the complaint; that the work of loading rails was being done under the direction and supervision of the defendant's agents, Thomas Sumner and Lune Walker; that said agents carelessly and negligently gave an order to lift a certain rail and throw it on board, without first seeing that this could be safely done, and carelessly and negligently revoked said order just as plaintiff and others were engaged in throwing said rail on the car, the result of which was that the end of the rail upon which plain-

tiff stood was thrown upon the car, while the other end was
not so thrown, and the rail fell off the car upon the plaintiff,
and bruised his body and limbs and broke his leg.    Now you
will see the gist of the action is negligence.    The plaintiff
charges that the company was negligent by reason of the fact
that one of its servants gave a command to this plaintiff, and
countermanded that order, and the order countermanding
the command to throw the rail upon the car was too late for
it to be obeyed, and by reason of that it is contended on the
part of the plaintiff that the servant of the railroad company
who gave the order was negligent, and through that negli-
gent or careless act caused the injury to the plaintiff.    Now
that is denied by the defendant.    Then it becomes a question
of evidence.    Negligence is a question of fact for the jury.
Under the Constitution of this State, our labors are divided.
The law imposes upon the Court the duty of charging juries
with reference to any question of law that might arise in a
case that is pertinent to the issue.    Then it imposes upon
them the duty of passing upon any facts in the case.    Now I
charge you that the gist of this case is negligence.    Now it is
for you to tell, under the facts of this case, whether it was
through the negligence or careless act of the company.    If
so, I charge you it would be competent to compensate the
plaintiff in whatever amount of damages you find he has suf-
fered.    If you find, on the contrary, that it was not through
the negligent act of the company, or it was through the neg-
ligent act of the company, and he, by not obeying proper
caution, contributed to the injury himself, why then, under
those circumstances, he couldn't complain of the company.
You have heard the facts detailed, how the injury occurred.
If it was through the negligent or careless act of the com-
pany or its servant that he was injured, and the plaintiff
didn't contribute to that injury through his carelessness him-
self, I charge you the company would be liable to compensate
him for whatever damages he has sustained.    On the con-
trary, if he contributed to the injury himself, the company
would not be liable under those circumstances.    If you come

29—56

to the conclusion that the company was negligent, and he was injured through that negligence, and has not contributed to the injury himself, you will estimate the amount of damages. And in estimating the damages, take into consideration the length of time he has lost, the actual injury he has received, and any pain or suffering he has undergone. You are at liberty to compensate him for that. The facts are for you. Was it through the negligent act of the company, or did he bring about the injury himself through his negligence or carelessness? * * *

From verdict for plaintiff and judgment thereon, defendant appeals on following exceptions:

1st. In ruling and holding that there was sufficient evidence of the negligence alleged to send the case to the jury.

2d. In not granting the motion of defendant for a nonsuit.

3d. In charging: "That the defendant takes issue with him (the plaintiff) as to his damages, and sets up an affirmative defense, that if he was injured, the injury was due to his own negligent act. In other words, that he contributed to the injury himself, and for that reason the defendant contends it is not liable." The error being that by his charge his Honor limited the defense to a denial of damages, and to the defense of contributory negligence. Whereas, by its answer, the defendant denied that the plaintiff was injured, as well as that he had been damaged; and was also entitled to have the jury instructed that one of the issues raised by the pleadings was that plaintiff could not recover if he was injured by the negligent act of a coemployee or a fellow-servant engaged in the same department of labor with the plaintiff.

4th. In instructing the jury that, under the Constitution of 1895, "the law now is, that if one is so injured through the negligent act of a coemployee, the railroad company is liable for the consequences of such damage or injury, provided the party injured didn't contribute to his own injury."

The error being that his Honor limited the jury and pre-
vented them from inquiring; (1) Whether the injury com-
plained of, was caused by the act of one employed in the
same department of labor as the plaintiff; (2) If so,
whether the act causing the injury was the act of a fellow-
servant.

5th. Because his Honor, in instructing the jury that the
defense was limited to a denial of the injury or damages, and
to the affirmative defense of contributory negligence on the
part of the plaintiff, failed to instruct the jury on all of the
issues raised by the pleadings, restricted the jury in their
inquiries, and prevented them from determining whether the
injury complained of was caused by the negligent act of a
fellow-servant engaged in the same department of labor with
the plaintiff.

6th. Because the Constitution of 1895 does not take away
from a defendant railroad company the right of showing as
a defense that an injury was caused by a fellow-servant en-
gaged in the same department of labor, and his Honor erred
in not so instructing the jury.

7th. Because his Honor by his charge limited the defense:
(1) to a denial of the alleged negligence of a servant or
agent of the defendant; (2) to a denial of the alleged injury
or damages, and (3) to the affirmative defense of contribu-
tory negligence on the part of the plaintiff.   Whereas, it is
respectfully submitted, the defendant was also entitled under
its answer to show, as a matter of defense, that the plaintiff
was injured by the act of a fellow-servant engaged in the
same department of labor with the plaintiff.

8th. In charging in reference to the alleged injury: "If it
was through the negligent or careless act of the company or
its servant that he was injured, and the plaintiff didn't con-
tribute to that injury himself, I charge you the company
would be liable to compensate him for whatever damages he
has sustained.   On the contrary, if he contributed to the in-
jury himself, the company would not be liable under these
circumstances."   The error being that his Honor deprived

the defendant of the defense that this alleged injury was occasioned by the act of a fellow-servant engaged in the same department of labor with plaintiff, and not by any act of the defendant.

9th. Because the charge of his Honor as a whole was, as we respectfully submit, erroneous, in that it deprives the defendant of the defense, that the alleged injury to plaintiff was caused by the act of a fellow-servant engaged in the same department of labor, and was calculated to mislead the jury by causing them to think that a railroad company would be liable for an injury done to its servants by the negligent act of a fellow-servant, even though such fellow-servant was employed in the same department of labor with the one who was injured.

*Messrs. Duncan & Sanders,* for appellant, cite: *Defense of negligence of fellow-servant is available without pleading it:* 51 S. C., 79.

*Mr. J. C. Jefferies,* contra, cites: *Statutory law may be correctly charged by reading:* 51 S. C., 480; 53 S. C., 121; 28 S. C., 431. *Errors complained of are harmless:* 51 S. C., 401; 48 S. C., 43; 52 S. C., 454, 293. *No error to fail to charge proposition not requested:* 46 S. C., 43. *Nonsuit properly refused:* 17 L. R. A., 636. *Inaccurate statement by Judge of issues raised by pleadings not reversible error:* 52 S. C., 371.

March 3, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This action was brought by the plaintiff to recover damages for certain injuries received by plaintiff while in the employment of the defendant company, through the alleged negligence of the agents and servants of said company. The defendant in its answer sets up two defenses: 1st, a general denial of all the allegations of the complaint except as to the corporate capacity of the

defendant company; 2d, contributory negligence on the part
of the plaintiff. The case came on for trial before his
Honor, Judge Ernest Gary, and a jury, and at the close of
the testimony on the part of the plaintiff a motion for a non-
suit was made on the ground that there was no testimony
tending to show negligence. The motion was overruled, the
Circuit Judge holding that there was evidence sufficient to
carry the case to the jury. The defendant then introduced
its testimony, and the case went to the jury under the charge
of the Circuit Judge, which is set out in the "Case," and the
jury having found a verdict in favor of the plaintiff, and
judgment having been entered thereon, the defendant ap-
peals upon the several exceptions set out in the record. The
charge of the Circuit Judge as well as appellant's exceptions
should be incorporated by the Reporter in his report of this
case.

It will be observed that all of these exceptions, except the
first two, impute error to the Circuit Judge in failing to in-
struct the jury that, notwithstanding the change in the law,
effected by the provisions of sec. 15, of art. IX., of the pres-
ent Constitution, with respect to the right of an em-
ployee to recover from a railroad company damages
for injuries sustained by reason of the negligence of a
fellow-servant, yet a railroad company could still, by way of
defense, show that the fellow-servant whose negligence
caused the injury complained of was "engaged in the same
department of labor with the plaintiff." In the first place,
there was no request that the jury should be so instructed;
but, in the second place, the conceded fact is that the injuries
complained of were sustained by the plaintiff while engaged,
along with some sixteen or eighteen other employees, in
loading flat cars, while moving slowing along the track, with
iron or steel rails, and the testimony tended to show that the
injury sustained by the plaintiff was caused by the failure
of Lune Walker to countermand the order to throw the rail
on the car in time for the plaintiff to escape from the falling
rail. The undisputed fact is that the gang of hands engaged

in loading the cars were under the control and supervision of Capt. Thomas Sumner, and that Lune Walker had been appointed "caller," as it is termed, whose duty it was to give the orders to the other hands when to take hold of the rail, when to raise the rail, and when to throw it on the passing car; and Capt. Sumner testifies that it was the duty of the other hands to obey the directions of the "caller." It is true, that there was discrepancy in the testimony as to who appointed Walker as "caller"—whether it was done by Sumner or by the other hands—but we do not see what difference this would make. If appointed by Sumner, then it is clear that Walker was acting under the authority of the defendant company, as it is not disputed that Sumner had the general supervision of the work; and if he was selected by the other hands, who voluntarily subjected themselves to his orders, Walker would still be a person "having a right to control or direct the services" of the plaintiff and the other hands with whom he was working—at least, so far as the particular work in which he was engaged, at the time the injury was sustained, is concerned. For the provision of the Constitution is that: "Every employee of any railroad corporation shall have the same rights and remedies for any injury suffered by him from the acts or omissions of said corporation or its employees as are allowed by law to other persons not employees, when the injury results from the negligence of a superior agent or officer, or of a person having a right to control or direct the services of a party injured, and also when the injury results from the negligence of a fellow-servant engaged in another department of labor from that of the party injured, or of a fellow-servant on another train of cars, or one engaged about a different piece of work." Because, if Sumner, who unquestionably had the control and supervision of the hands engaged in loading the cars with the iron or steel rails, instead of appointing the "caller" himself, allowed the other hands to do so, then when Walker, the "caller," gave the directions to the hands as to how and where the rails should be handled, such directions, in fact,

proceeded from Sumner, through Walker; and if the plaintiff's injuries resulted from the negligence of Walker in giving such directions, then, though Walker was a fellow-servant of plaintiff and engaged in the same department of labor, yet the defendant company was not entitled to the defense growing out of the fact that plaintiff and Walker were fellow-servants, because Walker was a person having the right "*to direct* the services" of the party injured. For this reason, also, there was no error on the part of the Circuit Judge in omitting to instruct the jury, as it is claimed in exceptions 3, 4, 5, 6, 7, 8 and 9, he should have done, and, therefore, these exceptions must be overruled.

The first and second exceptions impute error to the Circuit Judge in refusing the motion for a nonsuit. We agree with the Circuit Judge that there was some testimony tending to show negligence on the part of the defendant company through its servants or agents, and hence there was no error in refusing the motion for nonsuit. Indeed, these two exceptions seem from the argument of counsel to rest upon the theory, already disposed of, that the negligence, if any, was that of Walker, and he being a fellow-servant with plaintiff, engaged in the same department of labor, such negligence cannot be imputed to the defendant company, even under the provisions of the present Constitution. This theory, as we have seen, is not well founded, and, therefore, these exceptions cannot be sustained. It seems to us that the true construction of the constitutional provision above referred to is this: while it does not entirely deprive a railroad company, in a case like the present, from availing itself of the previously well recognized defense that the injury complained of was the result of the negligence of a fellow-servant, for which the company is not responsible, yet it does confine such defense within narrower limits than had been previously recognized. For it will be observed that the provision in question sets out with the declaration that *every* employee of a railroad company shall have the same rights and remedies for any injury sustained by him from the acts

or omissions of such company "*or its employees*"—whether fellow-servants or not—as are allowed to a person who is not an employee of such company; and if the section had stopped at that point, then the effect, manifestly, would have been to entirely deprive a railroad company of the right to set up as a defense to an action like this, that the injury complained of resulted from negligence of a fellow-servant of the plaintiff, for which the company was not responsible.    But the section does not stop at the point indicated, and, on the contrary, goes on to show in what cases an employee shall have the same rights and remedies as a person not an employee, as follows: 1st. Where the injury results from the negligence of a superior officer or agent. 2d. Where it results from the negligence of a person having a right to control or *direct* the services of the party injured.    3d. When it results from the negligence of a fellow-servant engaged in another department of labor, or on another train of cars, or one engaged in a different piece of work.    So that, in all other cases not falling under either of the classes above indicated, the law upon the subject of the defense of fellow-servant remains the same as it was before.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.